CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 19 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KELVIN A. CANADA, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RANDALL MATHENA, *et al.*, )<br>Defendants. ) | Civil Action No. 7:13cv00322<br><br>**MEMORANDUM OPINION**<br><br>By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Kelvin A. Canada, a Virginia inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging the defendants subjected him to cruel and unusual living conditions and violated his due process rights by placing and keeping him in a strip cell for two days. Finding that Canada's allegations of a due process violation fail to state a claim upon which the court may grant relief, the court will dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1).

I.

Canada alleges the defendants placed him in a strip cell for two days after they falsely accused him of acting disruptively and covering his cell window. According to Canada, while in the strip cell, he had boxers, had access to a toilet, and received his meals. He was unable, however, to brush his teeth or wash his face, hands, or body, and he was denied a mattress, sheets, a blanket, clean laundry, shoes, a t-shirt, socks, and toilet paper. Canada states he was unable to sleep due to the cell's cold temperature.

II.

Under 28 U.S.C. §1915A, district courts must screen prisoner complaints against governmental entities or officers or employees of those entities and dismiss a claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. To state an adequate claim for relief, the pleadings must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corporation v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). While the court must accept the claimant's factual allegations as true, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). (citation omitted). Plaintiffs must offer enough facts "to nudge" their claims across the line from conceivable to plausible," Twombly, 550 U.S. at 570, and from which the court, calling upon "its judicial experience and common sense," can conclude that the pleader has "shown" that he is entitled to relief. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 679.

To prevail on a procedural due process claim under the Fourteenth Amendment, an inmate must first demonstrate governmental action deprived him of "life, liberty, or property." Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners have some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. Hewitt v. Helms, 459

U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). While Canada's strip cell conditions were more restrictive than those applied to inmates in the general population, their two day duration did not impose an atypical and significant hardship on him. See, e.g., Bevrati, 120 F.3d at 503-04 (holding prison conditions did not implicate a liberty interest where inmates spent six months in administrative confinement with no outside recreation; infrequent clean clothes, linens, and bedding; less food; and unbearably hot cells initially infested with vermin and smeared with urine and feces). Accordingly, the court finds Canada's placement in a strip cell did not implicate a liberty interest. While Canada has failed to state a claim under the Fourteenth Amendment, his allegations of his living conditions while in the strip cell (e.g., the temperature of the cell and his lack of clothing, sheets, a blanket, and a mattress) may state an Eighth Amendment claim and will proceed.

### III.

Based on the foregoing, the court dismisses Canada's due process claim under 28 U.S.C. § 1915A(b)(1) and will enter an order directing the Clerk to attempt service of process upon the defendants as to his living conditions claim.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 19th day of December, 2013.

United States District Judge